[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
In a case involving a collision between two automobiles, the jury on June 12, 1992 rendered the following verdict:
PLAINTIFF'S VERDICT
In this case the Jury finds the issues for the Plaintiff, JUANITA H. THOMAS, as against the Defendant, PETER M. BATES, and therefore finds for said Plaintiff to recover of the Defendant, PETER M. BATES. CT Page 9539
0 dollars for past and future economic damages;
0 dollars for past and future noneconomic damages.
The Jury assesses the relative negligence of the participants (totaling 100%), as follows:
1. Percentage of negligence of Plaintiff (JUANITA H. THOMAS) 51%.
2. Percentage of negligence of Defendant (PETER M. BATES) 49%.
_______(signature)________
Foreperson
N.B. THE FOREPERSON MUST SIGN IN INK."
The court had charged the jury that if they found the plaintiff to be contributorily negligent for more than 50%, in such a case the plaintiff could not recover. Accordingly the jury returned no damages for the plaintiff.
In order to clarify the verdict, the court sent the jury back to render a defendant's verdict, which was thereupon rendered.
The plaintiff claims that she was entitled to some damages, due to the fact that a "Plaintiff's Verdict" was originally returned by the jury. It appears that the jury was confused by the verdict form, but this confusion was ultimated clarified. (It would seem that the verdict forms should be modified in the future).
However, under the general verdict rule, there is no question about the jury's finding.
Wherefore, the motion to set aside the verdict is denied.
Wright, J. CT Page 9540 State Trial Referee